## LEMPKE v STATE

Ohio Appeals, 6th Dist, Lucas Co
No. 2277. Decided Jan. 27, 1930

Miss Esther Antin, Toledo, for Lempke.

Leroy W. Hunt, Prosecuting Attorney and Clarence A. Irwin, both of Toledo, for State.

LLOYD, J.

The trial resulted in a verdict finding plaintiff in error guilty of assault with intent to rape and, a motion for a new trial being overruled, he was sentenced to the penitentiary. He seeks to reverse the judgment of the court of common pleas claiming that the verdict and judgment are manifestly against the weight of the evidence and that the court erred in refusing to charge the jury as to the alleged included offenses of assault and assault and battery. We are satisfied that the verdict and judgment are clearly and manifestly against the weight of the evidence. The evidence shows that the plaintiff in error either was or was not guilty of rape. The complaining witness testified that he accomplished his purpose. He testified not only that he did not commit the alleged offense but that he had never made any improper advances or suggestions to her. There being no other evidence as to the alleged crime, the only question was whether, under the facts and circumstances in evidence he was or was not guilty of the offense charged. The court therefore was not required to charge as to included offenses, assault and assault and battery, and properly refused to do so.

We think also, for the same reason,

that it was erroneous, although not prejudicial to plaintiff in error, to charge as an included offense, assault with intent to commit rape. There was no evidence tending to prove any offense except rape as an accomplished fact, and if the verdict and judgment were not, as this court finds, manifestly against the weight of the evidence, we might well say, in the language of the Supreme Court:

> "Under the record before us such a charge would be tantamount to an invitation to the jury to compromise with crime." **Driscoll vs. State, 106 Ohio St., 23, 40.**

We may also suggest that if assault with intent to commit rape might properly have been charged as an included offense, the court incorrectly charged the jury that

> "proof of this offense * * * must include proof that the defendant unlawfully assaulted Martha Zak then having the present intention to have sexual intercourse with her **or** to use whatever force was necessary to accomplish such purpose."

As said by Judge Scribner in **Blannett vs. State, 8 C. C., 313, 316:**

> "The evidence must show not only that the accused had a purpose to have sexual intercourse with the prosecutrix but he must have intended also to use whatever degree of force might be necessary to overcome her resistance, to accomplish his purpose. That is, the state must not only establish by proof to the extent required by the rule in criminal cases, the fact that the assault was made by the accused, but also that it was made with the intent to use whatever degree of force might be necessary to enable him to overcome her resistance and accomplish his purpose."

Other than as indicated we find no error in the record prejudicial to plaintiff in error. The judgment of the court of common pleas is reversed and the action remanded for further proceedings according to law.

Williams and Richards, JJ., concur.